IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALAN PETERSON,

    Plaintiff,

vs.                                      CASE NO. 4:05CV414-MMP/AK

MONICA DAVID, et al,

    Defendants.

                               /

## REPORT AND RECOMMENDATION

Plaintiff is a *pro se* inmate who filed an complaint, doc. 1, and a motion for a emergency relief, which is construed as a motion for preliminary injunction or temporary restraining order.  (Doc. 2).

In a separate order, Plaintiff has been directed to submit a partial filing fee before his complaint will be reviewed.  (Doc. 7 ).  However, his complaint has been give a cursory review because of the filing of the motion for emergency relief. Based on this review, the Court is not convinced that there is a substantial likelihood of success on the merits of the complaint, and therefore, the motion for injunctive relief is also not well taken.  The bases for Plaintiff's motion is based primarily on the claims raised in the

complaint, i.e he argues that the Conditional Release terms upon which he is incarcerated violate the Ex Post Facto Clause. Plaintiff further argues that he should be released on November 17, 2005, but under these terms he *would* be subject to immediate re-arrest and *would* be subject to 28 additional days. Plaintiff has not contacted the Court to advise if, in fact, he has been re-arrested. Thus, insofar as Plaintiff complains about the possible re-arrest which would extend his release date, this is at this point speculation.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Guiding this discretion is the required finding that plaintiff has established:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

As stated above, the Court has done some preliminary research and found that most, if not all, of the claims raised by Plaintiff have been decided against him in previous court decisions.  See Duncan v. Moore, 754 So.2d 708 (Fla. Sup. Ct. 2000) (imposition of Conditional Release terms under Fla. Stat. § 947.1405 does not violate double jeopardy, due process, ex post facto clauses or constitute cruel and unusual punishment); Gillard v. State, 827 So.2d 316 (Fla. Dist. Ct. App. 2002) (failure to conduct hearing within 45 days of inmates arrest, as required by statute, did not deprive Commission of jurisdiction).  Further, it appears that one of the primary factual premises upon which Plaintiff bases his claims, *i.e.* that Plaintiff did not meet the criteria for application of the Conditional Release Program Act is negated by the Information upon which he was convicted, which clearly shows that it concerned an offense committed on or about October 1, 1988.  (Doc. 2, Exhibit A).  See Dowdy v. Singletary, 704 So. 2d 1052 (Fla. 1998) (statute applicable to offenses committed on or after October 1, 1988). The charges also concern a sexual offense upon a minor which also comes under the Conditional Release Program Act.  See Conditional Release Program Act, Fla. Stat. §947.1405.  Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits and he bears the burden of proving all four elements to be entitled to injunctive relief.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 2, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this  **2nd**  day of December, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**